IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS MARTINEZ CALDERA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KRISTI NOEM, et al., )<br>)<br>Respondents. ) | Case No. CIV-26-00331-JD |

## ORDER

On February 23, 2026, Petitioner Carlos Martinez Caldera ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1]. Upon review, the Court STRIKES the Petition for failure to comply with Federal Rule of Civil Procedure 8(a). Petitioner shall file an Amended Petition on or before **March 16, 2026**.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969–70 (10th Cir. 1987). Under Federal Rule of Civil Procedure 8(a), a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."

The Petition consists of 78 pages dedicated mostly to legal argument, and it is accompanied by an additional 79 pages of exhibits. Relative to the number and complexity of grounds for relief presented, the Petition does not comply with the "short and plain statement" requirements of Rule 8(a). *Cf. Jago v. Ortiz*, 245 F. App'x 794, 796

(10th Cir. 2007) (unpublished) (agreeing with the district court that the amended 95-page § 2241 petition did not comply with Rule 8 and "it was appropriately dismissed without prejudice"). Moreover, the Court has inherent authority to manage its docket for the efficient disposition of matters, and it exercises that authority here. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (referring to the "inherent powers" of district courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

For these reasons, the Court STRIKES the Petition [Doc. No. 1]. Petitioner may file an Amended Petition on or before **March 16, 2026**, complying with Rule 8 and this order. If no Amended Petition is filed, or if an Amended Petition is filed that still does not comply with Rule 8 and this order, the Court may dismiss this action without prejudice and without further opportunity to cure.

IT IS SO ORDERED this 2nd day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Courts across the country, including this Court, have been inundated with petitions on the same subject matter as the case at bar. Within this Court's specific experience, none have required 78 pages (with an additional 79 pages of exhibits) to state a claim for habeas relief.