UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

CARLOS MARTINEZ CALDERA,          )
                                  )
            Petitioner,           )
                                  )
v.                                )          Case No. CIV-26-331-R
                                  )
MARKWAYNE MULLIN, et al.,         )
                                  )
            Respondents.          )

## ORDER

Petitioner, a citizen of Mexico, entered the United States without inspection on or about January 1, 1994. On December 15, 2022, the Department of Homeland Security issued a Notice to Appear charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i), classifying him as someone who entered the United States without having been admitted or paroled. Petitioner was released on his own recognizance but was later detained by ICE on December 26, 2025, pursuant to 8 U.S.C. § 1225(b)(2).

Now before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 11] claiming violations of the Immigration and Nationality Act, the United States Constitution, and other regulations, procedures, and doctrines. Petitioner asserts the mandatory detention provision pursuant to which he is currently being detained, 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens like him who previously entered the country. Respondents filed a Response in Opposition [Doc. No. 15]. Petitioner filed a Reply [Doc. No. 16].

1

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides for mandatory detention, or whether he must instead be detained pursuant to § 1226(a), which generally provides for a bond hearing. As Respondents acknowledge, this Court has previously determined that § 1226(a) governs the detention of noncitizens, like Petitioner, that were apprehended within the United States after entering the country without admission or inspection. *See Valdez v. Holt*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026).[1] Consistent with these prior decisions, the Court finds Petitioner is subject to detention under § 1226(a), not § 1225(b)(2). Petitioner is thus entitled to a prompt bond hearing pursuant to § 1226(a).

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Because the Court grants Petitioner's request for a bond hearing, it declines to reach the remaining claims. If Respondents fail to provide a bond hearing consistent with § 1226(a), Petitioner may renew his other arguments. Additionally, Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. No. 4], in which he requests the Court order his immediate release from ICE custody or a prompt bond hearing, is DENIED AS MOOT.

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

IT IS SO ORDERED this 9th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE